# SUPERIOR COURT

Ida Hurvitz
vs. }Div. No. 18200
Harry Hurvitz

RESCRIPT.

January 20, 1925.

TANNER, P. J. This is a petition for divorce upon the ground of non-support.

We find from the evidence, first: that the petitioner has not proven by a fair preponderance of the evidence that the defendant has not provided necessaries for the support of herself and child for the statutory period to the best of his ability. On the contrary, it seems to us that, considering his circumstances, he has done all that he could be expected to do in that regard.

Second: we find that the petitioner was not living apart from her husband for just cause and that he has made numerous attempts, during the year preceding the filing of the divorce petition, to become reconciled to her and to induce her to live with him.

For these reasons we think that the petition must be dismissed.

For petitioner: Lester T. Murphy.

For respondent: Frank H. Bellin.

# SUPERIOR COURT

George E. Hubbard
vs. }Law No.52483
T. Raymond Scott

RESCRIPT

January 15, 1925

BAKER, J. Heard on plaintiff's motion for a new trial on the ground that the verdict of the jury, which was for the defendant, was against the weight of the evidence.

This case was tried with Law Nos. 52481 and 52482.

In the case at bar the plaintiff was the owner and operator of one of the automobiles which was in collision. On the testimony in the case the two issues involved were those of the plaintiff's contributory negligence and the defendant's negligence. The latter urges that he himself was guilty of no negligence which brought about the collision, but that the plaintiff by stopping his own automobile suddenly and without warning in the middle of the intersection of the two highways himself brought about the accident in question.

The plaintiff, on the other hand, claims that the defendant was the sole cause of the accident by operating his automobile too rapidly and in a negligent manner at the intersection of the highways, whereby he failed to give the plaintiff the right of way to which he was entitled under the statutes of Massachusetts.

On the testimony in the case these issues were clearly for the jury to pass upon. In the judgment of the court, the weight of the evident shows that the accident in question was caused by the negligent slowing down or stopping of the plaintiff's automobile in the middle of the intersection of the two highways, and also fails to show that the defendant was guilty of any negligence.

For the reasons stated above, and also for the further reasons more fully set out in the rescript filed in Law No. 52481, the plaintiff's motion for a new trial is denied.

For Plaintiff: Ralph T. Barnefield.

For Defendant: Walling & Walling.